**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

E.P.,

*Plaintiff,*

v.

G6 HOSPITALITY, LLC;
G6 HOSPITALITY PROPERTY, LLC;
MOTEL 6 OPERATING L.P.,

*Defendants.*

CIVIL ACTION NO. 4:24-cv-00216

**G6 DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO THE MERITS**

These facts are undisputed: in a forensic interview conducted contemporaneously with her trafficking, Plaintiff identified a different hotel—*not the Tucker Motel 6*—as the location of her trafficking. Defendants' room rental records contain only one, one-guest stay from Plaintiff's trafficker, Chandan Price. And Plaintiff cannot identify any particular incident where Tucker Motel 6 staff would have seen her with her trafficker. Given this record, no reasonable jury could find for Plaintiff on any element of a TVPRA claim. *See T.D.B. v. G6 Hosp. LLC*, 2026 WL 1008529 (E.D. Tex. Apr. 6, 2026), *reconsideration denied*, *id.*, Dkt. 185 (E.D. Tex. June 1, 2026).

In an attempt to avoid this conclusion, Plaintiff claims that Defendants participated in a venture with additional traffickers not previously identified in her complaint or discovery. But there is even *less* evidence to support those ventures. Plaintiff also repeatedly distorts and mischaracterizes the record evidence, both in her Opposition and via a sham declaration. *See* Ex. A ("Misrep. Chart"); Mot. to Strike E.P. Decl. And Plaintiff seeks to distract the Court by highlighting crime at the Tucker Motel 6 more generally, even though the only relevant question here is whether Defendants participated in a venture that trafficked *Plaintiff*.

Once the Court rejects Plaintiff's efforts to muddy the record, the answer is clear: Plaintiff cannot prevail on any element of her claims, and summary judgment must accordingly enter.

## I. Plaintiff Misconstrues Rule 56's Framework.

Initially, the Opposition confuses the parties' relative summary-judgment burdens. A movant discharges its initial burden by producing evidence negating the nonmovant's claim or pointing to an absence of evidence to support an essential element of that claim. 11 MOORE'S FEDERAL PRACTICE § 56.40[1][a]. Once the movant makes this showing, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial" on each "element[]" of her claim—*i.e.*, "*affirmative evidence*" "sufficient" to allow "a jury to return a verdict" in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 257 (1986) (emphasis added).

Here, where Plaintiff's TVPRA claim is predicated upon Defendants' repeated room rentals to her trafficker, Dkt. 62 ("FAC") ¶ 101, Defendants discharged their initial burden by producing evidence negating Plaintiff's claims—namely, that only *one* rental to her trafficker ever occurred. Dkt. 161 ("MSJ") at 16. Plaintiff suggests that a genuine dispute of fact exists because Defendants have not established the reliability of their room records. Dkt. 181 ("Opp.") 20. But this flips the relative burdens. Once Defendants satisfied their initial burden, Plaintiff cannot "respond simply with general attacks upon" the "credibility" of the records—she instead must "identify affirmative evidence from which a jury could find that [she] has carried … her burden of pro[of]." *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). As explained below, Plaintiff has failed to do so.

## II. Plaintiff's Central Allegations Are Conclusory and Otherwise Contradicted.

As Defendants explained, the record evidence is insufficient to support Plaintiff's claims. MSJ 11–17. Her claim of continuous trafficking by a G6-participating venture for two months in 2014 is contradicted both by her contemporaneous forensic interview and by G6's room records. *Id.* at 14, 16. And Plaintiff's vague testimony cannot overcome these contradictions. *Id.* at 12–13.

Plaintiff's attempts to salvage her story do not succeed. *First*, Plaintiff *admits* that she identified *an entirely different hotel* as the location of her trafficking during a 2014 forensic interview. Opp. 19. She now claims that she lied to "protect her trafficker"—but no "reasonable jury could [] believe [t]his account" given that she already identified and incriminated Price *during the same interview*. *Aguirre v. City of San Antonio*, 995 F.3d 395, 410 (5th Cir. 2021) (cited at Opp. 19). Plaintiff has no real response to this point. MSJ 15–16; Opp. 19 & n.22. Plaintiff's only recourse is to claim that *Scott v. Harris*—which establishes that the nonmovant's "version of the facts" need not be accepted when "blatantly contradicted by the record"—does not apply here. 550 U.S. 372, 380 (2007); Opp. 18–19. But as Defendants explained, courts can refuse to credit testimony where it is blatantly contradicted by her prior, contemporaneous representations without

making an impermissible "credibility determination." Opp. 18; MSJ 13–14 (collecting cases). Unable to distinguish Defendants' cases, Plaintiff relegates them to a footnote. Opp. 20 n.24.

*Second*, Plaintiff does not dispute that under Fed. R. Evid. 803(7)(A), the absence of room records can serve as "evidence" that the rentals "did not occur." Opp. 20. Instead, she merely argues that Defendants' records are not "trustworth[y]," Fed. R. Evid. 803(7)(C), claiming that "staff routinely violated security rules and rented rooms without taking and recording ID or guest information," Opp. 20. But she cites no affirmative evidence that *Price* rented a room under a different name. Rather, she admitted during her deposition that she "do[esn't] know what [name]" he used because she was not "with him." Dkt. 161-8 ("E.P. Tr. 2") at 161:14–24. Such "speculation" is "insufficient" at summary judgment. *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993). While Plaintiff protests that Price "stay[ed] at the hotel under a different name," this is a gross mischaracterization of the record. Opp. 20. Plaintiff testified merely that "Chandan exchanged money with him, I guess, to use [his] room one time"—not that Price booked rooms under "Black's" name. E.P. Tr. 122:1–6. With respect to reliability more generally, Plaintiff's claim that staff "routinely" failed to record guest information distorts the record: the GM testified that she had "issues" with just *one employee* "not putting all the information in the system," prompting her to switch that person to "housekeeping." Dkt. 181-2 ("Primm Tr.") at 73:12–22; Ex. B ("Primm Tr. 2") at 80:21–81:2; Opp. 20. Plaintiff is thus left merely with "metaphysical doubt" about Defendants' records. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534–35 (5th Cir. 2016) (noting that a plaintiff cannot create a fact dispute by casting doubt on a defendant's business records); *Harmon v. Hilton Group*, 2011 WL 5914004, at *1 (N.D. Cal. Nov. 28, 2011) (deeming a hotel's transaction records dispositive on whether it, "in fact, charged" a person).

*Finally*, Plaintiff does not dispute that Rule 56 requires her to provide "probative evidence," rather than conclusory statements, that she was continuously trafficked at the Tucker Motel 6. MSJ 11–13; Opp. 14–17. She simply claims that her testimony clears that bar. *Id.* Not so. Plaintiff admits that she "does not know the exact dates she was at Tucker Motel 6"—other than the dates conveniently matching the *only* rental in the record. Opp. 15; MSJ 13. And she cannot explain how her testimony that she was subject to trafficking violations at the Tucker Motel 6 between February and April 2014 differs from testimony that unlawful "incidents occurred" in "'late 1998' or 1999," which is too "conclusory" at summary judgment. MSJ 12–13 (quoting *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003)); Opp. 15–16. Additionally, while Plaintiff claims she provided "detail[ed]" testimony, Opp. 14, she testified that she did not "recall" even one "specific conversation" that she had with the front desk staff when requesting room keys, even though these interactions supposedly took place daily. E.P. Tr. 163:19–21, 168:20–25.

## III. Plaintiff's Participant Claim Under the TVPRA Fails.

### A. Defendants Did Not Participate in a Venture that Trafficked Plaintiff.

Plaintiff initially advanced two venture theories—(1), a G6-only commercial venture, and (2), a venture with her trafficker premised on rentals "for days and weeks." MSJ 17–19; FAC ¶ 101. Plaintiff fails to respond to Defendants' specific arguments against her commercial venture theory and thus waives it. *See Indep. Coca-Cola Emp.'s Union v. Coca-Cola Bottling Co.*, 114 F. App'x 137, 143–44 (5th Cir. 2004). As to the venture-with-trafficker theory, Defendants satisfied their initial burden by producing evidence—one, one-guest room rental under Price's name—negating an essential element of Plaintiff's claim. *See supra* Part I. After all, Plaintiff cannot establish a "*continuous* business relationship," consisting of "repeated interactions" between the hotel and the trafficker, with only one stay. MSJ 19–20 (quoting *T.D.B.*, 2026 WL 1008529, at *4). Plaintiff

again declares that Price rented additional rooms, but as discussed above, she provides no affirmative evidence in support and thus cannot satisfy her burden of proof. *See supra* Parts I, II.[1]

Perhaps recognizing this deficiency, Plaintiff now claims that Defendants participated in ventures with two others, "Angel" and "Black." Opp. 22 n.25, 26. This venture theory cannot be advanced now, as Plaintiff never pleaded it. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Plaintiff cites three paragraphs with "traffickers." But she ignores the 20+ paragraphs with "trafficker." The operative allegations identify only one "trafficker" who is alleged to have been tied to the Tucker Motel 6 (*i.e.*, Price). *E.g.*, FAC ¶¶ 33–48, 59–61 (discussing Plaintiff's alleged trafficking at the Tucker Motel 6 and referring only to "Plaintiff's trafficker," a "32-year-old man"). Plaintiff's Initial Disclosures identify only "Price." Dkt. 80-4, Pl.'s Discl. And in response to this Court's Order on January 9, 2025, that "within three days" "Plaintiff shall provide all Defendants with … the full name, maiden name, and alias names used at any time by Plaintiff's trafficker(s)" and any "associates," (Dkt. 37 at 13), Plaintiff identified only "Price." Ex. C, Trafficker ID Discl. By now asking the Court to accept that she had other traffickers, "Counsel for [Plaintiff] is effectively asking the [Court] to set aside [this] lawful order"—and this Court should "take part in nothing of the sort." *S.A.S. v. G6 Hosp., LLC*, No. 9:23-cv-00169-MJT-CLS (Apr. 9, 2025), Dkt. 53 at 13.

Even if the Court considers these separate supposed ventures, they fail for similar reasons. Starting with "Angel," Plaintiff does not even attempt to speculate what name "Angel" would have used to book rooms; in fact, she does not even know "Angel's" legal name. E.P. Tr. 126:9–10.

[1] Even crediting third-party testimony regarding Plaintiff's presence at Tucker Motel 6, Plaintiff was seen at the property only "three or four times" over a span of "one week." Dkt. 181-7, ("A.M. Tr.") at 58:1–14; Ex. D, ("A.M. Tr. 2") at 57:19–25. And because Plaintiff was purportedly seen with both "Angel" and Price, that week must have been the same time period reflected by Price's one, three-night stay record. *See id.* at 61:21–23, 58:17–23; Opp. 15.

And she did not witness any interactions between "Angel" and the hotel. Plaintiff therefore has provided *zero* affirmative evidence that Defendants participated in a venture with "Angel." MSJ 9. As for "Black," Plaintiff claims that he rented only *one* room, E.P. Tr. 128:17–19, which cannot create a *continuous* business relationship with "Black" either. *See* MSJ 20.[2]

Plaintiff's additional attempts to establish the requisite "continuous business relationship" do not persuade. *First*, Plaintiff points to her *own* alleged interactions with Tucker Motel 6 staff, Opp. 26, but "a business relationship between the defendant and a trafficking victim" cannot establish participation in a venture. *T.D.B.*, 2026 WL 1008529, at *4. *Second*, Plaintiff misstates the record by claiming that Price, "Angel," and "Black" "repeated[ly] interact[ed]" with staff. Opp. 26. She says that they "switched rooms regularly," supposedly "requiring regular conversations with staff." *Id.* But this testimony is nowhere to be found in her deposition, appearing only in her sham declaration, which should be disregarded. Dkt. 181-18 ("E.P. Decl.") ¶¶ 5–6; Mot. to Strike E.P. Decl. 9. In any event, Plaintiff does not claim to have witnessed any interactions; she simply *assumes* they must have taken place. That falls short. *See T.D.B.*, 2026 WL 1008529, at *4 (requiring "evidence" of "*repeated interactions between the trafficker and hotel staff*").[3]

Recognizing that she cannot satisfy the "continuous business relationship" standard this Court has adopted, Plaintiff argues that it does not apply in a minor sex-trafficking case. Opp. 25

---

[2] To the extent that Plaintiff attempts to use Black's purported room rental as support for Defendants' alleged venture with Price, that also fails. Plaintiff offers no evidence that Defendants had any knowledge that Price used Black's room for one night, much less that this was part of a continuous business relationship between *Price* and the Tucker Motel 6.

[3] Further, Plaintiff asserts that Defendants acted as "lookouts" for "Black." Opp. 26. But there is no record evidence that "Black … worked with [Price]," *id.* at 26, to traffic Plaintiff, much less that staff acted as lookouts for him during *Plaintiff's* alleged trafficking at Tucker Motel 6. *See* E.P. Tr. 128:12–19; Misrep. Chart 7–8. Indeed, A.M. could not even "remember the dates" of these supposed interactions. A.M. Tr. 93:3–24. The fact that a witness "does not remember" a particular event is not enough to "create a genuine issue of material fact." *Dickey v. Baptist Mem'l Hosp.-North Miss.*, 146 F.3d 262, 266 n.1 (5th Cir. 1998).

& n.28. But the language of § 1595(a) is the same for both adult and minor trafficking. *See* 18 U.S.C. § 1595(a); *contra id.* § 1591(a) (adopting differing knowledge requirements for adult and minor trafficking cases). And Plaintiff does not cite any caselaw that supports her contention.

Next, Plaintiff pivots to Eleventh Circuit caselaw, claiming that the facts here are analogous to those in *A.G. v. Northbrook Industries*, 171 F.4th 1257 (11th Cir. 2026). Opp. 23–25. This Court, however, has repeatedly declined to adopt that Circuit's "participation in a venture" standard. *E.g.*, Order Denying MJOP 7, 12, *F.F. v. G6 Hosp. Prop. LLC*, No. 1:25-cv-00029 (Mar. 6, 2026). Even if this Court chose to apply it now, Plaintiff cannot satisfy it. The Eleventh Circuit expressly requires "share[d] legal risks and potential profits" between the hotel defendant and the plaintiff's "traffickers." *A.G.*, 171 F.4th at 1268. Here, Plaintiff has proffered no evidence that Defendants and Price—whose only interaction consisted of one room rental—shared in any profits or risks.[4]

### B. Defendants Did Not Knowingly Benefit from Participating in a Venture that Trafficked Plaintiff.

Plaintiff claims to have satisfied this element by "showing that Angel," "[Price], and "Black" "rented rooms" and "E.P. repeatedly bought condoms." Opp. 22. But Defendants met their burden of production through records negating a financial benefit from repeated room rentals (and reflecting significant anti-trafficking expenditures), and Plaintiff has no affirmative evidence to the contrary. *Supra* Parts I, II. Further, Plaintiff does not dispute that Defendants must have "knowingly benefit[ed] ... *from participation in a venture*." 18 U.S.C. § 1595(a). Revenue from a transaction, like one room rental to Price, does not qualify. MSJ 21. Plaintiff has no response. Finally, Plaintiff does not explain how *her* condom purchases from a machine caused Defendants to *knowingly* benefit from participating in a venture with *her trafficker*. E.P. Tr. at 171:19–24.

---

[4] In any event, *A.G.* is distinguishable: there, the trafficker, on many occasions, "persuaded" staff "to allow [plaintiffs] back into the hotel room they were locked out of," *id.* at 1271–72, whereas here, front desk staff purportedly allowed Plaintiff to extend Price's reservation without any interaction at all with Price, E.P. Tr. 162:17–24. *See T.D.B.*, 2026 WL 1008529, at *4.

### C. Defendants Neither Knew Nor Should Have Known About the Venture's Trafficking Violations.

Plaintiff fails to show that Defendants had actual or constructive knowledge of the venture's alleged TVPRA violations.[5] While she insists that Defendants should have known that she was "subject to virtually all the acts proscribed by § 1591(a)(1)," Opp. 28, these verbs "connote human trafficking, a modern form of slavery that inherently necessitates luring victims, hiding them away, and forcing them to engage in concealed, nonconsensual conduct," *Doe No. 1 v. Rajveer*, 2025 WL 907890, at *4 (M.D. Ala. Mar. 25, 2025). As Defendants noted, Tucker Motel 6 staff would have had no reason to know that Plaintiff was being "concealed," as her testimony suggests that she moved about the hotel freely and was not seen with her trafficker. MSJ 22–23. Conveniently, Plaintiff's sham declaration now claims that Price "walked close to [her]" "around the property"—an assertion nowhere to be found in her deposition. E.P. Decl. ¶ 13; Opp. 28 n.32. Still, neither her deposition nor her declaration claims that any staff member saw her with Price.

To establish Defendants' knowledge of these acts, Plaintiff exaggerates or misstates the record. Plaintiff claims that she lived at the Tucker Motel 6 for "approximately two months." Opp. 28. But *at most*, the record could support that she was there for a few *days*. *Supra* Parts I, II. Plaintiff claims that she received key cards and extended a room rented by an adult, Opp. 28, but she has no response to the point that staff could have assumed that she was with an older boyfriend, not that she was being *trafficked*, MSJ 23–24. Plaintiff claims that she "loitered in hotel common areas in provocative clothing" to meet sex buyers, Opp. 28, but her deposition makes clear that she did this only in the "doorway," E.P. Tr. 204:13–15, and her sham declaration adds only "hallway"

---

[5] In a footnote, Plaintiff argues that knowledge need not be specific to the plaintiff. Opp. 27 n.31. But she acknowledges that Defendants must have "constructive or actual knowledge that the undertaking or enterprise violated the TVPRA." *Id.* (quoting *A.G.*, 171 F.4th at 1270). And where, as here, the alleged venture has trafficked one victim, the defendant must know about that individual's trafficking. MSJ 22 n.8 (citing *G.G. v. Salesforce.com*, 76 F.4th 544, 557 (7th Cir. 2023)). Plaintiff must recognize as much, as her analysis focuses on her trafficking. Opp. 27–29.

and "parking lot" to that list, E.P. Decl. ¶ 9—*not* the front desk area. And Plaintiff's claim that she "asked housekeeping for new towels multiple times per day," Opp. 28, is belied by her testimony, E.P. Tr. 167:5 ("[s]ometimes"). There are numerous innocent reasons why a person might occasionally request multiple new towels.

Plaintiff notes that this conduct continued "*after* the hotel was shown a notice stating that E.P. was a missing child"—a notice never produced with any of the other records relating to her runaway. Opp. 28–29. Here, too, Plaintiff distorts the record. A.M., the witness who speculated about this, could not even "recall when [the police's] visit took place" and did not "physically see" "the police talk to hotel staff." A.M. Tr. 67:6–16, 70:2–24. Moreover, the supposed notice contained only a "picture of [Plaintiff's] face"; it did not state that she was a missing child. *Id.* at 81:4–11. A.M.'s "speculation" is "insufficient to create a genuine issue of material fact" as to Defendants' knowledge of Plaintiff's age. *Waggoner*, 987 F.2d at 1166. Notably, before this purported visit, A.M. herself believed that Plaintiff was "18 or 19 years old." A.M. Tr. 75:9–12.

Next, Plaintiff tries to import the knowledge standard from § 1591(c)—which provides that in a criminal "prosecution," the "Government need not prove that the defendant knew, or recklessly disregarded" the victim's minor status, so long as "the defendant had a reasonable opportunity to observe the person." 18 U.S.C. § 1591(c); Opp. 29. But this is a civil case, and Plaintiff cites no caselaw applying this provision outside the criminal context. Opp. 29.

Finally, Plaintiff pays short shrift to the requirement that Defendants knew or should have known that she was "caused to engage in a commercial sex act," 18 U.S.C. §§ 1591(a), 1595(a); MSJ 23–24, relying on the same insufficient evidence discussed above, Opp. 28. *Supra* at 8–9.

## IV. Plaintiff's Claim Under Texas Civil Practice and Remedies Code § 98.002(a) Fails.

Plaintiff agrees that her Texas claims are subject to the same analysis as her federal claim. Opp. 29; MSJ 26. But these claims fail on other grounds, too, and she is wrong to claim otherwise.

*First*, Plaintiff argues that her claim is subject to a 30-year statute of limitations, and is thus timely. Opp. 29–30. But the 30-year period applies only to injuries arising from conduct that violates "Section 20A.02(a)(7)(A), (B), (C), (D), or (H) or Section 20A.02(a)(8)." Tex. Civ. Prac. & Rem. § 16.0045(a)(4). Plaintiff alleged only that Defendants violated § 20A.02(a)(2), (4), (5), and (6), *not* (a)(7). FAC ¶¶ 112–13. Thus, a five-year limitations period applies, *see* Tex. Civ. Prac. Rem. Code § 16.0045(b)(3), rendering her claims time-barred. MSJ 25.

*Second*, Plaintiff does not dispute that "participation" requires "an overt act in furtherance of the venture." MSJ 26–27 (quoting *In re Facebook, Inc.*, 625 S.W.3d 80, 96 (Tex. 2021)); Opp. 30. To claim that she satisfied that standard, she points to her testimony that staff allowed her to obtain room keys and extend Price's room rental, Opp. 30, but she does not explain how this conduct was "designed to aid in the success of the venture," *Facebook*, 625 S.W.3d at 97. And her reliance on staff's purported "assist[ance]" to "Black" fails because there is no evidence that any such "assistance" was rendered in connection with *Plaintiff's* trafficking. Opp. 30; *see supra* at 6; *T.D.B.*, Dkt. 185 at 3 (the "venture['s]" "violat[ion]" must be "*as to the plaintiff*").

Finally, Plaintiff addresses her state-law perpetrator claim only in a footnote, claiming that "Defendants' actions to *facilitate* [her] trafficking" are "sufficient" to "support a criminal conviction." Opp. 30 n.33 (emphasis added). But she alleged that Defendants perpetrated her trafficking by "harboring" and "providing" her, not simply "facilitating." FAC ¶ 112. And she does not respond to Defendants' arguments on that score. MSJ 25–26. Nor does she dispute that this claim requires Defendants to have had *actual* knowledge of her trafficking, which, as Defendants explained, she cannot show. MSJ 26. Plaintiff again offers no response.

* * *

For the foregoing reasons, Defendants request that the Court grant their Motion for Summary Judgment, enter judgment in their favor, and dismiss Plaintiff's claims with prejudice.

Dated: June 4, 2026

Respectfully submitted,

*/s/ Bethany K. Biesenthal*
Bethany K. Biesenthal
Illinois Bar No. 6282529
Kristina K. Cercone
Illinois Bar No. 6306298
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
T: 312.269.1541
F: 312.782.8585
bbiesenthal@jonesday.com
kcercone@jonesday.com

Andrew J. Clopton
Michigan Bar No. P80315
Laura A. Frantz
Michigan Bar No. P87814
JONES DAY
150 West Jefferson Avenue, Suite 2100
Detroit, MI 48226
T: 313.739.3939
F: 313.230.7997
aclopton@jonesday.com
lfrantz@jonesday.com

*Counsel for Defendants*
*G6 Hospitality LLC*
*G6 Hospitality Property LLC*
*Motel 6 Operating L.P.*

Jack P. Carroll
Orgain Bell & Tucker, LLP
505 Orleans Street, Suite 500
P.O. Box 1751
Beaumont, TX 77704-1751
Phone: (409) 838-6412
Facsimile: (409) 838-6959
jpc@obt.com

*Counsel for Defendants*
*G6 Hospitality Property LLC*
*Motel 6 Operating L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, a true and correct copy of the foregoing was sent via electronic mail to all counsel or parties of record.

*/s/ Bethany K. Biesenthal*
Bethany K. Biesenthal

## CERTIFICATE OF SEALING MOTION

Pursuant to Local Rule CV-5(a)(7), I hereby certify that a motion to seal the unredacted versions of Defendants' Reply in Support of Motion for Summary Judgment as to the Merits and two accompanying exhibits has been filed.

*/s/ Bethany K. Biesenthal*
Bethany K. Biesenthal